LAWRENCE ROONEY, plaintiff in error, *vs.* JOHN J. GRANT
AND COMPANY, defendants in error.

When a case had been brought up to this Court by writ of error which
was dismissed without a hearing, upon the merits of the case, and the
judgment of the Court below was affirmed; and a motion was made
for a new trial in the case, in the Court below, without including in the
motion *the grounds* upon which the new trial was sought: *Held*, that
there was no error in the Court below in overruling the motion for a
new trial in the case, as the same was presented.

Practice.   Motion for New Trial.   Before Judge JOHNSON.
Muscogee Superior Court.   May Term, 1869.

Rooney averred that he stored with Grant & Company, as
warehousemen, cotton, to be kept in a particular place, and
with notice to them, insured it, as being in that place; that,
without notice to him, they put it into a different place, where
it was burned, and thereby he could not recover his insurance.
He claimed of them the value of the cotton and his premium
paid out.   The jury found for the defendant.   Rooney moved
for a new trial, upon the grounds that the Court (Judge Wor-
rill) erred in a part of his charge, and that the verdict was
contrary to the evidence.   His motion was overruled and he
sued out a writ of error.

At June Term, 1869, of this Court, said cause was dis-
missed, and the judgment below was affirmed, because the
bill of exceptions did not contain the evidence heard in the
Court below.   (See 38th Georgia, 597, note.)   Counsel for
Grant & Company, at May Adjourned Term, 1869, of Mus-
cogee Superior Court, presented the *remittitur*, and had the
judgment of the Supreme Court made the judgment of that
Court.   Counsel for Rooney, "at that time notified the Court
that they had a motion for a new trial to make.   The Court
(Judge Johnson) stated that if the cause had been carried by
writ of error to the Supreme Court, and judgment affirmed,
a motion for a new trial would not be entertained, and did
then and there refuse to entertain said motion for a new trial."
This refusal is assigned as error.

R. J. MOSES, for plaintiff in error, cited Irwin's Code, sections 3668, 3027 ; 23rd Ga. R., 493 ; 37th Ga. R., 673.

SMITH & ALEXANDER, for defendants.

WARNER, J.

This was a motion for a new trial in a case which had been brought up to this Court and dismissed here, without a hearing, upon the merits of the case, and the judgment of the Court below was affirmed.    When the case went back to the Court below, a motion was made there for a new trial, without including in the motion *the special grounds* upon which the new trial was sought to be obtained.    The motion for the new trial was refused.    In our judgment, there was no error in the Court below in refusing the motion, as the same was presented there.    To have entitled the movant to a new trial in the case, he should have stated in his motion therefor, the *special grounds* on which he claimed a new trial, so that the Court could have considered the materiality and sufficiency thereof.    If the special grounds for the motion had been set forth, and the same would have been sufficient to entitle the movant to a new trial, the refusal of the Court, upon that state of facts, to entertain the motion, would have been error. As the motion was presented to the Court below, the judgment was right in refusing to entertain it, no matter what reasons were given for the refusal.    To entitle the movant to a reversal of the judgment of the Court below, he must show, from the record, that the special grounds on which his motion for a new trial was based, when presented to the Court, were such as would have entitled him to a new trial, and such as the Court below should have entertained and allowed.

Let the judgment of the Court below be affirmed.